**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUSANNE ZEIGLER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, et al., ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cv-01082-KJD-PAL <br><br> **ORDER** <br><br> (Mtn to Extend Service Time - Dkt. #5) |

This matter is before the court on Plaintiff Susanne Zeigler's Motion to Extend Time to Serve Complaint (Dkt. #5). The court has considered the Motion.

Plaintiffs Susanne Zeigler and Alexander M. Mazzola ("Plaintiffs") filed the Complaint (Dkt. #1) on June 25, 2012. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the Complaint and summons was due within 120 days, or by October 23, 2012. The Motion, which is supported by the Affidavit of Plaintiffs' counsel, Mr. E. Brent Bryson, requests an extension of time through December 15, 2012, to serve the Complaint and summons on Defendants. The Motion represents that on November 5, 2012, Mr. Bryson received an order from the court, docketed as entry number twenty-nine, which came as a "shock" to him because he thought this case was stayed. Plaintiffs' counsel represents a stay was necessary because Defendant Carl Guilford was in custody in mental health facility to evaluate his competency to stand trial for the murder of the decedent in this case, Mr. Francesco Sanfilippo. Mr. Bryson directed his former secretary and office manager, who is no longer employed at counsel's law firm, to draft a proposed stipulation to stay and contact opposing counsel to see if they would agree to a stipulation. Mr. Bryson's represents that his former secretary never informed him that the Complaint was not served or that the proposed stipulation was not

1  circulated or filed. The Motion also asserts that "[t]he confusion of the matter was increased when the
2  first complaint filed by Plaintiff was dismissed because Plaintiff had not yet secured a local
3  administrator for the estate at the time the complaint was originally filed." Motion at 2:23-26.
4  Additionally, the Motion represents that Defendant Naphcare, Inc., does not oppose Plaintiffs' request
5  to extend the time for service of the Complaint, that Defendants are aware of this action and have
6  "actively participated in this case" and cannot show they would be prejudiced if the court grants
7  Plaintiffs' request.
8         As an initial matter, Plaintiffs' Motion contains a number of inaccuracies. The docket sheet in
9  this case contains only five entries, and there is no docket number twenty-nine. A notice of intent to
10 dismiss was entered by the court or the Clerk of the Court on October 25, 2012, not November 5, 2012
11 in this case. The Complaint in this case was never dismissed without prejudice, and Plaintiffs have not
12 filed an amended complaint. Defendants have not "actively participated" in this case. In fact, no
13 Defendant has made an appearance in this matter.
14        A review of the court's CM/ECF system reveals that Mr. Bryson filed the instant Motion in
15 another matter pending before the court, *Zeigler v. Las Vegas Metropolitan Police Department,* 2:11-
16 cv-01301-PMP-VCF (the "2011 Case"). With the exception of one paragraph adding Alexander M.
17 Mazzola as the co-administrator to Mr. Sanfilippo's estate, the Complaint in this case is identical to the
18 complaint in the 2011 Case. The representations contained in the instant Motion are accurate with
19 respect to the 2011 Case, except for counsel's statement that the Complaint was filed on June 25, 2012.[1]
20 In the 2011 Case, the district judge granted Defendant Naphcare, Inc.'s Motion to Dismiss (Dkt. #11)
21 on December 15, 2011, finding the court did not have jurisdiction to consider the claims asserted in the
22 complaint because Plaintiff Ziegler was not the administrator of Mr. Sanfilippo's estate, and under NRS
23 §§ 41.100 and 139.010(4), she might not be qualified to be. On November 5, 2012, Mr. Bryson
24 / / /
25 / / /

---

27 [1] The Complaint in this case was filed June 25, 2012. The Complaint in the 2011 Case was filed
28 on August 11, 2011. *See* Order (Dkt. #31) in 2011 Case (stating "[n]o entry on the court's docket reflects . . . the filing of a complaint other than the original complaint filed on August 11, 2011").

filed a Notice (Dkt. #28) in the 2011 Case that Plaintiff Ziegler and Mr. Mazzola[2] were appointed as co-special administrators of Mr. Sanfilippo's estate by the Nevada State Court.  Most recently, on November 26, 2011, the court entered an Order (Dkt. #31) in the 2011 Case directing Plaintiff to file an amended complaint by December 10, 2012.  A review of the docket reflects an amended complaint has not been filed in the 2011 Case.

Having reviewed and considered the matter,

**IT IS ORDERED**:

1. Plaintiffs' Motion to Extend Time to Serve Complaint (Dkt. #5) is DENIED WITHOUT PREJUDICE.

2. Plaintiffs are ordered to show cause, in writing, no later than **4:00 p.m. on December 30, 2012,** why this case not be dismissed as identical to and duplicative of *Ziegler v. Las Vegas Metropolitan Police Department,* 2:11-cv-01301-PMP-VCF.

Dated this 14th day of December, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[2] A named Plaintiff in this case.